

# United States District Court
DISTRICT OF CONNECTICUT

Chambers of
Stefan R. Underhill
United States District Judge

915 Lafayette Boulevard
Bridgeport, Connecticut 06604
(203) 579-5714

November 16, 2018

<u>By email and U.S. Mail</u>

Catherine O'Hagan Wolfe
Clerk of Court
Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *In re United States*, No. 18-3430

Dear Ms. Wolfe:

  Pursuant to Rule 21(b)(4) of the Federal Rules of Appellate Procedure, I respectfully request the opportunity to respond to the government's petition for a writ of mandamus or prohibition. I believe my participation is necessary because neither party will adequately present to the Court of Appeals an objective account of the ruling that is challenged in this proceeding.

  The government has filed its brief in support of the application for a writ. That brief spends many pages quoting defense counsel's arguments, most of which I denied. I prevented defense counsel from raising jury nullification at jury selection, I rejected his argument that the jury should be charged regarding the mandatory minimum, and I rejected his argument that the jury should be charged that they have the right to nullify. The government mistakenly asserts that I have ruled the evidence of the mandatory minimum *will* be admitted; several times I emphasized that *if* the evidence were admitted, then argument about that evidence could be made. (I do not know whether there will be a legitimate use of that evidence to cross-examine government witnesses; nor can the government predict what will happen at trial.)

  Absent from the government's brief is a full recitation of the actual ruling in this case. That ruling included three charges that I intend to deliver in this, as in every case. "[I]t would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you." Doc. # 62 at 5. "If you, the jury, find beyond a reasonable doubt from the evidence in this case that the government has proved each of the foregoing elements for a particular count, then proof of the charged crime is complete, and you should find Mr. Manzano guilty on that count." *Id*. "The question of the possible

Catherine O'Hagan Wolfe
Clerk of Court
November 16, 2018
Page 2

punishment that Mr. Manzano will receive if convicted is of no concern to the jury and should not, in any way, enter into or influence your deliberations. … Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Manzano, if convicted, to influence your verdict or enter into your deliberations." *Id.* at 6. These instructions should minimize the risk of jury nullification. The government's brief attacks a straw man ruling rather than the limited ruling actually made in this case.

Defense counsel will not redress those failings. As shown by the quotations in the government's brief, he has repeatedly asserted that the Supreme Court has never prohibited jury nullification and has suggested that the jury's acknowledged power to nullify calls into question the Second Circuit's precedent in this area. I believe defense counsel's agenda is much more ambitious than merely defending the court's rulings.

Accordingly, I request the opportunity to appear through amicus counsel, to brief and argue the merits of the petition. If this request is granted, John Gleeson of Debevoise & Plimpton LLP would represent me. Thank you for your consideration of this request.

Sincerely,

Stefan R. Underhill

cc: All counsel of record (by email)

SRU/mc